UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY WILLIAM HARRISON,

     Plaintiff,

v.

SHIRLEE HARRY,

     Defendant.

Case No. 17-13692
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY [9]
AND DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL [10]**

Stanley Harrison was convicted for first-degree murder and is serving his sentence in a Michigan prison. He asks this federal court to order a new trial or his release. In particular, he petitions for a writ of habeas corpus on six grounds. (*See* R. 1, PID 5.) The six grounds appear to be the ones he raised when appealing his conviction in state court (*see* R. 1, PID 3–4) and Harrison explicitly says that he has "fully exhausted all available state court remedies" (R. 1, PID 4).

But now Harrison asks this Court to stay this case until state remedies are exhausted. (R. 9.) This could mean one of two things: either the statement about exhaustion in Harrison's petition is not accurate or Harrison has additional claims beyond the six in the petition that he seeks to exhaust in state court. In either event, the Court cannot grant a stay on this record.

Assuming it is the first situation, the Court would have two options: dismiss the petition and permit Harrison to go exhaust his six claims in state court or, if that option would render Harrison too late to refile a petition for habeas corpus relief, stay this case and hold his petition in abeyance while he exhausts. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Rhines v.*

*Weber*, 544 U.S. 269, 278 (2005). But the second option (stay and abey) is only justified if "there was good cause for the petitioner's failure to exhaust his claims first in state court" and if the claims are not "plainly meritless." *Rhines*, 544 U.S. at 278. Harrison's petition is more of a list of claims than a brief. (*See* R. 1.) And while these claims were likely developed on appeal in state court, the Court does not yet have the state-court record. So it is hard for this Court to assess whether the claims in Harrison's petition have any merit. And even if the Court could make that assessment, Harrison's motion to stay is one sentence and does not establish a good reason for not exhausting the six claims before coming here.

Assuming that it is the second situation—the six claims in the petition are exhausted but Harrison has still more claims that he would like to exhaust in state court before presenting them to a federal one—the analysis differs slightly but the result is the same. When "a court decides whether to hold in abeyance a habeas corpus petition that contains only exhausted claims, the question is not whether to stay or dismiss the petition . . . but whether to stay or proceed." *Armour v. MacLaren*, No. 15-10753, 2015 WL 9918195, at *1 (E.D. Mich. Dec. 4, 2015) (citing *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 941 (E.D. Mich. 2015)). In deciding whether to stay or proceed, this Court considers many factors bearing on "judicial economy and federal-state relations," including "whether the exhausted claims in the petition are plainly meritorious while the unexhausted claims plainly meritless" and "whether the habeas petitioner has good cause for seeking the stay." *See id.* (citing *Thomas*, 89 F. Supp. 3d at 941). As just discussed, the Court cannot make those determinations on this record.

Accordingly, the Court DENIES WITHOUT PREJUDICE Harrison's motion to stay and abey.

Harrison also asks this Court for counsel. (R. 10.) There is no right to counsel in a federal habeas corpus proceeding, *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987), and so this Court typically appoints counsel only in exceptional cases. Until the claims are briefed and this Court has had a chance to look at the state-court record, the Court lacks the information to decide whether this is an exceptional case. So Harrison's motion for counsel is DENIED WITHOUT PREJUDICE. Harrison may renew his request for counsel after the Warden files her response to the petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: January 26, 2018          U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2018.

s/Keisha Jackson
Case Manager